IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CIRILO SANCHEZ-MORENO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-254 |
| | § | Criminal No. B:15-801-1 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 30, 2016, Petitioner Cirilo Sanchez-Moreno filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is plain from the record that the petition is legally meritless.

## I. Procedural and Factual Background

On September 8, 2015, a federal grand jury – sitting in Brownsville, Texas, – indicted Sanchez-Moreno for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Sanchez-Moreno, Criminal No. 1:15-801-1, Dkt. No. 6 (hereinafter "CR").

### A. Re-Arraignment

On November 3, 2015, Sanchez-Moreno appeared before the Magistrate Judge and entered a guilty plea – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 12.

---

[1] While the indictment alleged that Sanchez-Moreno had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

On that same day, the Magistrate Judge issued a report and recommendation that the District Judge accept Sanchez-Moreno's plea of guilty. CR Dkt. No. 12.

### B. Sentencing & Direct Appeal

In the final presentence report ("PSR"), Sanchez-Moreno was assessed a base offense level of eight for illegally re-entering the United States. CR Dkt. No. 18, pp. 4-5.  Sanchez-Moreno was also assessed a 16-level enhancement, because he had previously been convicted of a "crime of violence," namely a 2008 Texas state conviction for sexual assault. Id. Sanchez-Moreno received a three-level reduction for acceptance of responsibility. Id.  Thus, Sanchez-Moreno was assessed a total offense level of 21.

Regarding his criminal history, Sanchez-Moreno had three adult criminal convictions and was assessed three criminal history points, resulting in a criminal history category of II. CR Dkt. No. 14, pp.  Based upon Sanchez-Moreno's offense level of 21 and criminal history category of II, the presentence report identified a guideline sentencing range of 41 to 51 months of imprisonment. Id., p. 9.

On November 24, 2015, the District Judge adopted the report and recommendation, accepting Sanchez-Moreno's guilty plea. CR Dkt. No. 15.

On February 22, 2016, the District Court sentenced Sanchez-Moreno to 48 months of imprisonment; three years of supervised release; and a $100 special assessment fee, the last of which was ordered remitted. CR Dkt. No. 22.  The judgment was entered on March 14, 2016. Id.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Sanchez-Moreno's deadline for filing a notice of direct appeal passed on March 28, 2016. Id.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On August 1, 2016, Sanchez-Moreno timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Sanchez-Moreno raises a single claim, that he should not have been assessed

a 16-level sentencing enhancement because "he is actually innocent of any conduct" that would warrant the enhancement. Dkt. No. 1, p. 2.[2]

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Sanchez-Moreno seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

---

[2] To whatever extent Sanchez-Moreno is asserting that he was wrongfully convicted in his prior state criminal proceedings, that conviction was not subject to challenge in his federal sentencing proceedings. Custis v. U.S., 511 U.S. 485 (1994). Moreover, any such claim of actual innocence is not subject to review in the instant proceedings. U.S. v. Clark, 284 F.3d 563, 567 (5th Cir. 2002). Instead, any challenge to the prior state conviction would have to be addressed in state court. U.S. v. Bradley, 505 F. App'x 220, 222 (3d Cir. 2012). Finally, Chavez-Moreno has not supplied any facts to show that he is actually innocent of the crime. Conclusory allegations are insufficient to raise a constitutional issue. U.S. v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993). Given these limitations and failures, the Court does not address any possible claim of actual innocence.

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Sanchez-Moreno's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  "While we read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

### A. Crime of Violence

Sanchez-Moreno asserts that he should not have been assessed a 16-level enhancement based on a prior conviction for a crime of violence.  As a matter of law, this claim is meritless.

As an initial matter, "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue" under § 2255. Actions that amount to a technical application of the guidelines is defined in the case law.  See, e.g., U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); U.S. v. Williamson, 183 F.3d 458, 461 (5th Cir. 1999) (issue of whether career offender sentencing enhancement properly applied was a technical application of the Guidelines); U.S. v. Smith, 170 F.3d 184 (5th Cir. 1999) (relevant conduct finding regarding drug weight was a technical application of the Guidelines); U.S. v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998) (error in calculating sentence was a technical application of the Guidelines).

Irrespective of the manner in which it is framed, Sanchez-Moreno's claim amounts

to an argument that the District Court failed to properly apply the Guidelines in his case. Such a claim is not cognizable on collateral attack. Williamson, 183 F.3d at 462. Even if this claim was cognizable, it is meritless.

Sanchez-Moreno was convicted of sexual assault pursuant to TEX. PENAL CODE § 22.011(a)(2)(A). CR Dkt. No. 26.  The Fifth Circuit has previously decided that a sexual assault under § 22.011(a)(2)(A) is a crime of violence. U.S. v. Castro-Guevarra, 575 F.3d 550, 552 (5th Cir. 2009).  That fairly well ends the discussion; district courts are bound by the prior decisions of the circuit court. N.W. Enterprises Inc. v. City of Houston, 352 F.3d 162, 188 (5th Cir. 2003), on reh'g in part, 372 F.3d 333 (5th Cir. 2004).  Thus, as a matter of law, the claim must fail and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Cirilo Sanchez-Moreno's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Sanchez-Moreno's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Sanchez-Moreno's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on January 26, 2017.

Ronald G. Morgan
United States Magistrate Judge